UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SANTINO P. TOMAINO,

        Plaintiff,

        -against-

UNITED STATES OF AMERICA,

        Defendant.

----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM & ORDER

09-CV-1578 (CBA) (LB)

Amon, United States District Judge:

On or around March 4, 2009, plaintiff Santino Tomaino ("Tomaino") commenced an action[1] in the Civil Court of the City of New York, Small Claims Part, Queens County, for breach of contract and fraud stemming from an automobile accident between Tomaino and a United States Postal Service truck, which occurred on March 3, 2003. The defendant, the United States of America ("United States") removed this action to federal district court on April 15, 2009. The United States brought a motion to dismiss Tomaino's claims pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court grants the United States' motion to dismiss and dismisses all claims against the United States.

I.    Relevant Facts

On March 3, 2003, Tomaino was allegedly involved in a two-vehicle accident, wherein he claims a United States Postal Service ("USPS") truck, driven by USPS employee Rosario Sosa-Coyoc ("Sosa-Coyoc") backed into his car, causing damage.[2] Tomaino's one-line

---

[1] Santino P. Tomaino v. Rosario E. Sosa-Coyoc, Index No. SCQ1196/09.
[2] In his complaint, Tomaino states that the date of the accident was July 1, 2005. The motion to dismiss also uses this date. However, the record reveals that prior to commencing his action, all correspondence, all of Tomaino's

1

complaint—"action to recover monies arising out of a breach of contract and fraud"—asserts a breach of contract and a fraud claim, purportedly on the grounds that Sosa-Coyoc had promised to personally compensate Tomaino for the damage done to his car. When Sosa-Coyoc refused to uphold this alleged promise, Tomaino filed this action, on or around March 4, 2009, seeking $5,000.00 in damages. On April 15, 2009, pursuant to 28 U.S.C. § 2679(d)(2), the United States was automatically substituted in Sosa-Coyoc's place as defendant, as Sosa-Coyoc was acting within the course and scope of her federal employment at the time of the incident from with the claim arose. Also on April 15, 2009, the United States removed this action to federal court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1) and 28 U.S.C. § 2679(d).

The United States now moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Tomaino failed to file an administrative tort claim against the United States regarding the alleged accident. Additionally, the United States moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Tomaino fails to state a claim in his complaint and because the United States cannot be sued under a theory of equitable estoppel.

## II. Discussion

### A. Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), an action may be properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1). A

---

notes, a police report, and an affidavit from Tomaino's passenger, place the date of the accident as March 3, 2003. Furthermore, a preliminary damage estimate was made on January 31, 2005, 6 months prior to the date of occurrence stated on the complaint, and nearly two years after the alleged incident. These papers were appended to Tomaino's complaint.

district court "may refer to evidence outside the pleadings" to resolve a motion to dismiss for lack of subject matter jurisdiction. Kamen v. American Tel. and Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113; Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

Additionally, a court is to liberally construe a pro se litigant's papers. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel." Platsky v. CIA, 953 F.2d 26, 28 (2d Cir. 1991). As such, a court will construe a pro se plaintiff's pleadings broadly and "interpret [a complaint] to raise the strongest arguments it suggests." Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004).

### B. Tomaino's Tort Claims

To the extent that Tomaino's pro se complaint has asserted a tort claim stemming from the motor vehicle accident, such claims are subject to the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680. The FTCA allows a limited waiver of the federal government's sovereign immunity when its employees are negligent and acting within the scope of their federal employment. See Dolan v. United States Postal Serv., 546 U.S. 481, 487-88 (2006). Indeed, "[o]ne of the principal purposes of the Federal Tort Claims Act was to waive the Government's immunity from liability for injuries resulting from auto accidents in which employees of the Postal System were at fault." Id. (quoting Kosak v. United States, 465

3

U.S. 848, 855 (1984)). However, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." McNeil v. United States, 508 U.S. 106, 107, 113 (1993) (quoting 28 U.S.C. § 2675(a)).

The United States' motion for dismissal under 12(b)(1) is meritorious, because Tomaino failed to file an administrative tort claim with the Postal Service in compliance with the FTCA prior to bringing this action. (See Crump Decl.,[3] ¶¶ 4, 6, 7) (stating that there was no record that Tomaino had never filed a complaint against the United States Postal Service); 28 U.S.C. §§ 2401(b), 2675(a). As such, this Court lacks the statutory power to adjudicate Tomaino's tort claim against the United States.

Furthermore, Tomaino's tort claim will be dismissed with prejudice, as it is now barred by the statute of limitations. The Second Circuit has held that dismissals for failure to exhaust administrative remedies are without prejudice. See Std. Inv. Chartered, Inc. v. NASD, 560 F.3d 118, 124 (2d Cir. 2009); Giano v. Goord, 250 F.3d 146, 150-51 (2d Cir. 2001); Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999). However, Tomaino's claim is barred by the FTCA statute of limitations. See 28 U.S.C. § 2401(b). Tomaino had two years after the date his claim accrued—ostensibly, March 3, 2003, the date of the accident—to file an administrative claim.[4] However by March 3, 2005, he had not yet filed any claim, administrative or otherwise. (See Crump Decl., ¶¶ 4, 6, 7). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." In re Agent Orange Produce Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted) (referring specifically to the

---

[3] "Decl. Crump" refers to the Declaration of Linda K. Crump, filed with this Court on September 16, 2009.
[4] Tomaino's claim would also be barred by the statute of limitations if the date of the accident had been July 1, 2005, as alleged in his complaint.

4

statute of limitations set forth in 28 U.S.C. § 2401(b) for tort claims against the United States). There is no evidence of any kind in the record to suggest that Tomaino has attempted to pursue administrative remedies. The fact that Tomaino is a pro se plaintiff does not reduce his burden; the Supreme Court has specifically announced that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil, 508 U.S. at 113. "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). As such, to the extent that Tomaino asserts a tort claim, it is dismissed with prejudice.

### C. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When determining the sufficiency of a complaint for Rule 12(b)(6) purposes, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." Twombly, 550 U.S. at 563. A Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, a plaintiff must "nudge[] their claims across the line from conceivable to plausible." Id. However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002).

The recent Supreme Court decision Ashcroft v. Iqbal offered district courts additional guidance when considering motions to dismiss under Rule 12(b)(6), and set forth a two-pronged approach for deciding such motions. 129 S. Ct. 1937 (2009). First, the district court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556) (internal citations omitted).

**D. Tomaino's Complaint**

The United States asserts that Tomaino's complaint is insufficient, as it fails to provide adequate grounds upon which his claims rest. While this Court is required to construe a pro se plaintiff's complaint liberally, the Second Circuit has additionally held that "[c]ertainly the court

6

should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-796 (2d Cir. 1999) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). This standard applies, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Id. at 796. In other words, leave to amend will be denied where its exercise would be futile. Dluhos v. Floating & Abandoned Vessel, 162 F.3d 63, 69 (2d Cir. 1998). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Tomaino's one-sentence complaint, stating that this is an "action to recover monies arising out of a breach of contract and fraud," was filed with the Small Claims Division of the Civil Court of the City of New York. His short complaint clearly fails to state any grounds for his claim through specific factual allegations. However, this Court does not grant Tomaino the benefit of leave to amend, as an amended complaint would not succeed in stating a valid claim. As discussed below, Tomaino fails to state a claim upon which relief can be granted because the FTCA bars his fraud and contract claims. Additionally, estoppel claims against the United States are likewise barred.

### E. Tomaino's Fraud and Contract Claims

The "United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (U.S. 1980) (internal quotations omitted) (quoting United States v. Sherwood, 312 U.S. 584, 586, (1941)). As the "doctrine of sovereign

immunity is jurisdictional in nature . . . the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." Makarova, 201 F.3d at 113. The FTCA waives sovereign immunity for certain claims against the United States; however, there are exceptions. See 28 U.S.C. §§ 2671-2680. Claims may not be made against the United States under FTCA for "deceit, or interference with contract rights." 28 U.S.C. § 2680(h). To the extent that Tomaino is asserting a fraud claim or a tortious interference with contractual rights claim against the United States, these claims are dismissed under Rule 12(b)(6).

Tomaino has also failed to state a claim because the United States cannot be sued for estoppel based on a federal employee's verbal representation. See Office of Personnel Management v. Richmond, 496 U.S. 414, 433-34 (1990). Tomaino's action centers on the fact that Sosa-Coyoc allegedly promised to pay for the damage to his vehicle, but failed to do so. In essence, both his fraud and contract claims are based on a theory of equitable estoppel. In Richmond, a government employee gave the plaintiff erroneous information regarding the earnings limitations on his disability benefits and, as a result, the plaintiff lost six months of benefits. Id. at 418. The Court held that estoppel claims against the United States, based on erroneous representations made by government employees, were invalid—that "[i]n this context there can be no estoppel." Id. at 434 ("[T]his Court has never upheld as assertion of estoppel against the Government by a claimant seeking public funds."). Furthermore, the Court warned that "[t]o open the door to estoppel claims would only invite endless litigation over both real and imagined claims of misinformation by disgruntled citizens, imposing an unpredictable drain on the public fisc." Id. at 433. Tomaino's claims are entirely based upon this theory of estoppel, and as such, must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Conclusion

For the reasons set forth above, the Court grants the motion to dismiss and dismisses all claims against the United States. The Clerk of Court is directed to enter judgment in accordance with this order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 16, 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge